UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-cv-03822 |
| | § | |
| DANIEL MONTANA, TERRY WATSON, and SKYWARD TRANSPORTATION, LLC | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Prime Property & Casualty Insurance, Inc. (Prime) files this Original Complaint for Declaratory Judgment and respectfully shows:

## I. PARTIES

1. Plaintiff Prime is an insurer organized under the laws of Illinois having its principal place of business located in Salt Lake County, Utah.

2. Defendant Skyward Transportation, LLC (Skyward) is a limited liability company organized under the laws of Louisiana, having its principal place of business in Farmers Branch, Texas (Dallas County). The limited liability company member of Skyward is the owner, Curtis Lawrence who, under information and belief, is a Texas citizen and domiciled at 2323 N. Akard Street, Apt. 1101, Dallas, Texas 75201. Skyward is a citizen of Texas. Defendant Skyward may be served through its registered agent, Curtis Lawrence, at 2323 N. Akard Street, Apt. 1101, Dallas, Texas 75201, or wherever he may be found.

3. Defendant Terry Watson (Watson) based upon information and belief is an individual residing and having his domicile in Texas and may be served at 15130 Marsh Lane, E2112, Addison, Texas 75001, or wherever he may be found. Watson is a citizen of Texas.

4. Defendant Daniel Montana (Montana) based upon information and belief is an individual residing and having his domicile in Dallas County, Texas. Montana is a citizen of Texas and may be served at his residence 5060 Addison Circle, Apt# 3833, Addison, Texas 75001, or 120 N. Madison Ave, Apt. 1218, Dallas, Texas 75208, or wherever he may be found.

## II. <u>JURISDICTION</u>

5. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

## III. <u>VENUE</u>

6. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because the underlying liability lawsuit forming the basis of this coverage action is pending in Dallas County, Texas.

## IV. <u>FACTS</u>

7. Montana filed suit against Skyward and individuals, Watson and Laurence, for alleged damages that he suffered in an auto accident styled *Daniel Montana v. Terry Watson, et. al.*, Cause No. DC-25-05772, in the 298th Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit").

8. According to Montana, on or about November 11, 2024, he was traveling southbound in the 13400 block of Midway Road in Farmers Branch, Dallas County, Texas. Watson,

operating a 2018 Freightliner Cascadia tractor—VIN# 1FUJGLDR6JLJK3269; license plate number 96X629V (the "Underlying Vehicle")—without Skyward's permission, was also traveling southbound in the 13400 block of Midway Road when the tractor driven by Watson allegedly changed lanes and struck Montana's vehicle.

9. At the time of the accident, Watson—employed by Trailers to Trash and not in the course and scope of his employment with Skyward—was on his way home from work.

10. Montana states a negligence claim against Watson for the operation of the Underlying Vehicle.

11. Montana states a claim against Skyward for negligently entrusting a vehicle to Watson.

12. Due to the accident, Montana allegedly suffered injuries to various parts of his body.

13. Montana, in the Underlying Lawsuit, seeks damages for past and future medical expenses, pain and suffering, mental anguish, impairment, disfigurement, loss of enjoyment of life, loss of use of his vehicle, lost wages, and future earning capacity.

14. The Underlying Lawsuit was reported to Prime on or about November 22, 2024. Skyward and Watson seek coverage under Prime's policy for the claims and damages asserted against them in the Underlying Lawsuit. After conducting an investigation, Prime determined that its policy may not afford coverage for the claims arising out of the November 11, 2024 incident.

15. In a letter dated July 2, 2025, Prime informed Skyward and Watson of the coverage issues and have been defending them in the Underlying Lawsuit subject to a reservation of rights.

16. In a letter dated October 27, 2026, Prime informed counsel for Montana in the Underlying Lawsuit of the coverage issues.

17. Prime seeks a declaration that it has no duty to defend or indemnify Skyward and Watson against the claims and damages in the Underlying Lawsuit.

## V. THE PRIME POLICY

18. Prime issued commercial auto insurance to Skyward under Policy No. SC4080056 with coverage effective dates of July 31, 2024 through July 31, 2025 (the "Policy").

19. The Policy includes the following liability insuring agreement:

**COMMERCIAL BUSINESS AUTO INSURANCE POLICY**

**PCA-00-01**

THIS CLAIMS MADE AND REPORTED COMMERCIAL BUSINESS AUTO INSURANCE POLICY (the "Policy") is a manuscript policy, meaning it is a negotiated agreement between the Named Insured and the Insurer, and as such it may differ significantly from liability policies offered by other insurance companies. As a claims made insurance policy, this Policy contains very strict claim reporting requirements which must be followed as conditions precedent to coverage. The terms of this Policy are contractual and are not merely recitals and all information supplied to the Insurer to obtain coverage, constitute warranties of the named Insured to the Insurer.

* * *

In addition, coverage is strictly limited to Covered Autos operated by Scheduled Drivers and operations and at those locations listed, described, and defined herein. Various other provisions of this Policy restrict and limit the coverage provided. Please read the entire Policy and all Endorsements carefully to determine your rights and duties and what is and is not covered.

* * *

**SECTION 1 – LIABILITY COVERAGE**

**A. Insuring Agreement**

1. Subject to all of the terms, limitations, conditions, definitions, exclusions, and other provisions of this Policy, we will pay Damages in excess of any SIR that you are legally obligated to pay because of Bodily Injury or Property Damage to which this Policy applies if caused by an Accident and resulting from the ownership, maintenance, or use of a Covered Auto if:

a. The Accident occurs during the Policy Period; and
b. The Claim is first made against you during the Policy Period; and
c. The Claim is reported to us in writing during the Policy Period in accordance with the specific informational and timeliness requirements specified in the Policy; and
d. The Accident occurs within the radius of operation for the Covered Auto as identified on the Declarations or an Endorsement and within the United States of America; and
e. The Covered Auto is in Commercial Business Use at the time of the Accident; and
f. The Covered Auto is being operated by a Scheduled Driver at the time of the Accident.

* * *

**B. Liability Exclusions**

* * *

This Policy does not cover, and we will not be obligated to defend you against or pay Damages on your behalf for anything excluded by this section regardless of any other cause or event contributing concurrently or in any other sequence to the claimed Damages regardless of whether any other cause or event contributing to the Damage was the primary or secondary cause.

* * *

15. Bodily Injury or Property Damage arising out of the use, operation, or maintenance of a Covered Auto by anyone other than an Insured.

* * *

**SECTION III – WHO IS AN INSURED?**

A. The “Named Insured” is the person and/or entity expressly designated on the Declarations or in any Endorsement…

* * *

B. An “Insured” is also any Scheduled Driver of an otherwise Covered Auto who is maintaining or operating the Covered Auto for Commercial Business Use.

* * *

**SECTION IV – COVERED AUTOS**

A. Covered Autos

Covered Autos are limited to those Autos expressly identified on the Declarations or an Endorsement issued by the Insurer.

If a Scheduled Auto Endorsement has been issued by the Insurer in relation to this Policy, this Policy covers those Autos that are specifically identified as Scheduled Autos on that Endorsement. The premium associated with each Scheduled Auto must be paid as a condition precedent to coverage under this Policy.

* * *

20. The Policy also includes a Scheduled Driver Endorsement providing in relevant part:

**SCHEDULED DRIVERS ENDORSEMENT**

**PCA-99-03**

**This Endorsement changes the terms and conditions of the Policy issued. Please read it carefully.**

No coverage shall be provided under this Policy for any Auto which is being used or operated by anyone other than the driver(s) or operator(s) scheduled on the Policy. The Insured hereby warrants that each and every person scheduled on thisi Policy is over the age of 23 and under the age of 65, unless such driver has been reviewed and authorized by an underwriter and additional premium, if applicable, has been paid for such drivers. New drivers and operators will not be added to this Policy until the Insured provides in writing the driver's name, date of birth, and driver's license number to the Insurer so that necessary underwriting can be performed.

Policy fees, premium charges for adding additional drivers, and MVR surcharges for adding additional driers, if applicable to the Policy, are non-refundable regardless of whether the Policy is cancelled. In addition, we have the right to collect additional premium equal to 25% of the total premium due for the Policy if you fail to comply with any premium audit request made by us at any time.

In the event the Insurer is required by an applicable financial responsibility requirement to make payments for an Accident, Claim, Suit or loss involving a driver who is not a Scheduled Driver or a driver who lakes Personal Use coverage but was operating an Auto or Covered Auto for Personal Use, the Named Insured agrees to reimburse the Insurer for all Claim Expenses incurred and all payments

made relating to such Accident, Claim, Suit or loss, including all costs and attorney's fees incurred in obtaining such reimbursement.

If Personal Use coverage is indicated below, coverage is subject to the terms and conditions of the Person Use Endorsement. "Personal Use" means the use of a Covered Auto with the Named Insured's permission for a non-business purpose.

**Scheduled Drivers**

| No. | Name | D.O.B | Licnese Number | State | Personal Use |
|---|---|---|---|---|---|
| 1 | Alan Archie | [redacted] | [redacted] | TX | ☐ |
| 2 | Pamela Flowers | [redacted] | [redacted] | TX | ☐ |
| 3 | James G. Irving | [redacted] | [redacted] | TX | ☐ |
| 4 | Reginald Alexander | [redacted] | [redacted] | LA | ☐ |
| 5 | Farron Woods | [redacted] | [redacted] | LA | ☐ |
| 6 | Shondrick Williams | [redacted] | [redacted] | TX | ☐ |
| 7 | Dewey Blanks | [redacted] | [redacted] | LA | ☐ |
| 8 | Stefen Bridgewater Jr | [redacted] | [redacted] | LA | ☐ |
| 9 | Titus Flowers Jr | [redacted] | [redacted] | TX | ☐ |
| 10 | Willie Grinstead | [redacted] | [redacted] | LA | ☐ |
| 11 | Tyrell Johnson | [redacted] | [redacted] | LA | ☐ |
| 12 | Curtis J. Lawrence | [redacted] | [redacted] | LA | ☐ |
| 13 | Silas D. McCalope | [redacted] | [redacted] | TX | ☐ |
| 14 | Alivn White | [redacted] | [redacted] | TX | ☐ |
| 15 | Rnealdo Campbell | [redacted] | [redacted] | TX | ☐ |
| 16 | Kelton Lewis | [redacted] | [redacted] | TX | ☐ |
| 17 | Devin Spurlock | [redacted] | [redacted] | TX | ☐ |
| 18 | Stephan Moore | [redacted] | [redacted] | TX | ☐ |

Special Note: All other drivers excluded.

* * *

21. Additionally, the Policy includes a Scheduled Autos Endorsement stating as follows:

**SCHEDULED AUTOS ENDORSEMENT**

**PCA-99-07**

| Unit No. | Year | Make | Model | Vehicle Identification Number (VIN) | Cargo/ On Hook[1] | Personal use | Garage City, State | Radius | Liability [2] | Physical Damage/ Value[3] | Effective Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2014 | Peterbilt | Ex-Heavy Tractor | 1XP4D49X8ED216027 | None | ☐ | Dallas, TX | Up to 150 Miles | ☑ | $0.00 | 07/31/2024 |
| 2 | 2018 | Freightliner | Ex-Heavy Tractor | 1FUJGLDR1JLJK3972 | None | ☐ | Dallas, TX | Up to 150 Miles | ☑ | $0.00 | 07/31/2024 |
| 3 | 2016 | Freightliner | Ex-Heavy Tractor | 3AKJGLDR6GSGX057 4 | None | ☐ | Dallas, TX | Up to 150 Miles | ☑ | $0.00 | 07/31/2024 |
| 4 | 2016 | Freightliner | Ex-Heavy Tractor | 1FUJGLDR4KLJK3660 | None | ☐ | Dallas, TX | Up to 150 Miles | ☑ | $0.00 | 07/31/2024 |
| 5 | 2014 | Kenworth | Ex-Heavy Tractor | 1XKADP9X9EJ390474 | None | ☐ | Dallas, TX | Up to 150 Miles | ☑ | $0.00 | 07/31/2024 |

> This Policy only provides coverage for Scheduled Autos while operating within the Radius indicated above. No Scheduled Auto is covered beyond its scheduled Radius. All Scheduled Autos are required to pass a regular safety inspection which must be documented and produced to the Insurer upon request.

* * *

22. An MCS-90 Endorsement was also issued along with the Policy which states in relevant part:

* * *

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections of 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insurer for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not

have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

* * *

United States Department of Transportation
**Federal Motor Carrier Safety Administration**

**Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980**

# FORM MCS-90

**Issued to** Skyward Transportation LLC (*Motor Carrier name*) **of** Texas (*Motor Carrier state or province*)

**Dated at** 2:00 pm **on this** 1st **day of** August, 2024

**Amending Policy Number:** SC24080056 **Effective Date:** 07/31/2024

**Name of Insurance Company:** Prime Insurance Company

**Countersigned by:** ____________ (*authorized company representative*)

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown (*check only one*):

- ◉ *This insurance is primary and the company shall not be liable for amounts in excess of $* 750000 *for each accident.*
- ○ *This insurance is excess and the company shall not be liable for amounts in excess of $* ______ *for each accident in excess of the underlying limit of $* ______ *for each accident.*

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: 800-257-5590

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, DC).

* * *

## VI. DECLARATORY RELIEF SOUGHT

23. Prime seeks a declaration that the Policy affords no duty to defend or indemnify Skyward or Watson for the claims asserted against them by Montana in the Underlying Lawsuit.

24. As set forth above, the Policy provides coverage only for autos listed in the Scheduled Autos Endorsement that have been underwritten and approved by Prime and listed in the endorsement. The Scheduled Autos Endorsement does not list the Tractor being driven by Watson at the time of the Accident. Because the Tractor involved in the Underlying Lawsuit was

not a scheduled auto on the Policy and Prime did not receive a request from Skyward to add that vehicle, no coverage is afforded for the claims and damages asserted in the Underlying Lawsuit.

25. Further, the Policy specifically excludes any bodily injury or property damage arising out of the use, operation, or maintenance of a Covered Auto by anyone other than an Insured. Because Mr. Watson was not a scheduled driver under the Policy, and the auto operated by Mr. Watson was not a scheduled "auto" under the Policy, Prime owes no duty to defend Skyward or Mr. Watson in the Underlying Lawsuit or to indemnify any settlement or judgment in favor of Skyward or Mr. Montana.

26. Additionally, the insuring agreement, as set forth above, provides that a Covered Auto be in Commercial Business Use at the time of the accident. "Commercial Business Use" under the terms of the Policy "means the 'Covered Auto' is being operated pursuant to the Named Insured's assignment to haul a specified load . . . ." Based upon the facts as known, Skyward had not been assigned to haul any specified load. Moreover, the MCS-90 Endorsement as interpreted by Texas and Fifth Circuit law requires that the accident occur during the interstate transportation of property. At the time of the accident, Mr. Watson was operating the Tractor, and therefore, he was not engaged in the interstate transportation of property. Moreover, even if the MCS-90 could be implicated, it applies solely to a judgment against Skyward and would never trigger Trisura's financial responsibility obligation for a judgment against Mr. Watson.

## PRAYER

27. THEREFORE, Prime requests that the Court enter a declaratory judgment that:

a. Prime has no duty to defend Skyward or Watson in the Underlying Lawsuit; and

b. Prime has no duty to indemnify any settlement or judgment in favor of Montana in the Underlying Lawsuit.

Prime further requests that the Court award it all other and further relief to which it may show itself entitled at law or in equity.

Respectfully submitted,

*/s/ Jo Allison Stasney*

**Jo Allison Stasney**
State Bar No. 19080280
**Gordan Truong**
State Bar No. 24098527

**FREEMAN MATHIS AND GARY, LLP**
2911 Turtle Creek Blvd., Suite 500
Dallas, TX 75219
Telephone: (214) 430-4528
jody.stasney@fmglaw.com
gordan.truong@fmglaw.com

**COUNSEL FOR PRIME PROPERTY & CASUALTY INSURANCE, INC.**